NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 1 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL STEVENS,

      Plaintiff - Appellant,

  v.

FRANK BISIGNANO, Commissioner of
Social Security,

      Defendant - Appellee.

No. 24-6315

D.C. No.
1:24-cv-03005-EFS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted November 17, 2025[**]
Seattle, Washington

Before: W. FLETCHER, PAEZ, and DESAI, Circuit Judges.

Michael Stevens ("Stevens") appeals the district court's order affirming an

administrative law judge's ("ALJ") denial of his application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's order affirming the ALJ's denial of Social Security benefits. *Glanden v. Kijakazi*, 86 F.4th 838, 843 (9th Cir. 2023). This court "set[s] aside a denial of Social Security benefits only when the ALJ decision is 'based on legal error or not supported by substantial evidence in the record.'" *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quoting *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)). We affirm.

1. The ALJ did not err in finding Dr. Thomas's medical opinion only partially persuasive. Rather, substantial evidence supports the ALJ's explanation that Dr. Thomas's opinion was inconsistent with Stevens's reported activity levels. *See Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022) ("[A]n ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence."). The record evidence shows that Stevens was able to walk in a parade, play catch, tour a gold mine, move large appliances, camp, ride bikes, and participate in various exercise challenges shortly prior to and after Dr. Thomas's examination. The ALJ therefore reasonably concluded that Stevens's reported activities undermined Dr. Thomas's opinion that Stevens suffered from extreme limitations rendering him unable to do any standing or walking. "A conflict between a treating physician's opinion and a claimant's activity level" supports rejection or discounting of the physician's opinion. *Ford v. Saul*, 950

24-6315

F.3d 1141, 1155 (9th Cir. 2020); *see also Stiffler v. O'Malley*, 102 F.4th 1102, 1108 (9th Cir. 2024) (holding that the ALJ's rejection of a physician's opinion was "supported by substantial evidence" where the claimant's "documented activities suggest a higher range of functioning than those assessed by [the physician]"). Accordingly, the ALJ's evaluation of Dr. Thomas's medical opinion is supported by substantial evidence.

To the extent that Stevens asserts that the ALJ did not consider any evidence supporting Dr. Thomas's opinion, that argument also fails. The ALJ partially credited Dr. Thomas's opinion, reasonably adopted every limitation found by the state agency physicians, and even determined that greater limitations were warranted based on Stevens's allegations. Indeed, the ALJ assessed a highly restrictive residual functional capacity limiting Stevens to only two hours of standing or walking in a workday.

2. The ALJ also provided "specific, clear and convincing reasons" for discounting the severity of Stevens's symptoms testimony. *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014). The ALJ found that Stevens's testimony regarding his alleged physical symptoms was inconsistent with the medical record and his reported activities of daily living. We have long held that a claimant's activities of daily living may be considered when assessing subjective complaints and "may be grounds for discrediting the claimant's testimony to the extent that they

contradict claims of a totally debilitating impairment." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (citation omitted). The ALJ reasonably determined that Stevens's activities—including walking in a parade, climbing stairs, mowing his lawn, camping, riding his bike, and completing squatting and jumping exercise challenges—were inconsistent with his allegation that he was unable to stand or walk at all in a work environment. Furthermore, Stevens's reports of significant improvement from surgery as well as pain relief through physical therapy and injections provided additional "specific, clear, and convincing reasons" to support the ALJ's finding that he was not as limited as he alleged. *See Kitchen v. Kijakazi*, 82 F.4th 732, 739 (9th Cir. 2023) (citation omitted).

Stevens also fails to establish any error in the ALJ's consideration of his sporadic work during the relevant period. An ALJ may consider work activity, including part-time work activity, in his assessment of subjective complaints. *See Ford*, 950 F.3d at 1156. During the time which Stevens claims disability, he reportedly performed work including painting, landscaping, and crane operation, all of which are more strenuous than the sedentary occupations identified by the ALJ at Step Five of his analysis. Stevens's record of strenuous work further undermines his assertions that he was otherwise unable to stand or walk in a work setting between November 2018 and May 2022.

3. Finally, substantial evidence supports the ALJ's Step Five finding.

Stevens argues that the vocational expert's testimony relied upon by the ALJ was "without evidentiary value" because it was given in response to a hypothetical question that did not include all of Dr. Thomas's opined limitations and Stevens's self-reported limitations.  This argument simply restates Stevens's previous contentions that the ALJ erred by discounting Dr. Thomas's medical opinion and Stevens's subjective symptom testimony.  Because Stevens's argument was a "restatement of his contention that the ALJ should have credited [other evidence]," we reject it as moot.  *See Kitchen*, 82 F.4th at 742; *accord Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

**AFFIRMED.**